IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CELESTE SANCHEZ-EVILSIZER,

                Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., d/b/a Briarwood Health Care Center

                Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Celeste Sanchez-Evilsizer ("Plaintiff"), by and through her undersigned counsel, HKM Employment Attorneys, LLP, for her Complaint and Jury Demand against Life Care Centers of America, Inc., d/b/a Briarwood Health Care Center ("Defendant" or the "Company") states and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an employment discrimination case arising from Defendant's decision to rescind her job offer as soon as it found out Plaintiff was pregnant.  More specifically, on or about June 3, 2019, Plaintiff applied for a full-time position with Defendant as its Activities Assistant at Briarwood Health Care Center.  Plaintiff interviewed for the position on or about June 6, 2019 with Defendant's Hiring Manager, Jane Reynolds, and filled out paperwork indicating her availability for the full-time position.  The interview went well and, within a couple days, Ms. Reynolds called Plaintiff to offer her the position and set up a meeting on June 10, 2019 for Plaintiff to come to the office to fill out paperwork for a background check and to take a drug test.

2.      On June 10, 2019, Plaintiff began filling out the paperwork for her background check when she told Ms. Reynolds she was pregnant.  Ms. Reynolds immediately responded negatively and explained to Plaintiff that she believed the job was very stressful and that it would not be good for her body.  Ms. Reynolds told Plaintiff she "did not want to be responsible if anything happens.  I don't want to cause a miscarriage, and we have to push wheelchairs and push tables around to set up activities."  Ms. Reynolds asked Plaintiff when her due date was, and Plaintiff told Ms. Reynolds she was due in October.  Ms. Reynolds said, "I don't know if that's going to work out too because that's my busy season and I need someone to be here and we have a lot of Holiday parties with Halloween.  Ms. Reynolds told Plaintiff she could think about it, but that she would at best now only be able to offer Plaintiff a part-time position, though she said, "I don't know that I would feel comfortable with that."  Before Plaintiff even responded to Ms. Reynolds' half-hearted willingness to consider a part-time position, Ms. Reynolds abruptly took Plaintiff's paperwork from her, gave her back copies of her birth certificate and drivers' license, and walked Plaintiff out of the building, saying, "I'm sorry, I hope you understand.  Come back after you have the baby."

## PARTIES AND JURISDICTION

3.      Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

4.      Plaintiff is, and at all times relevant to the Complaint was, a resident of Colorado.

5.      Defendant Life Care Centers of America, Inc., d/b/a Briarwood Health Care Center is a Tennessee corporation with its principal office located at 3570 Keith Street Northwest, Cleveland, Tennessee 37312.

6.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1331.  This Court has jurisdiction over Plaintiff's state claims based on diversity jurisdiction under 28 U.S.C. § 1332; and pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this suit occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

8.      Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

9.      Plaintiff filed her Charge of Discrimination Numbers 32A-2020-00070 and E20000073929 with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division ("CCRD"), respectively, against Defendant for retaliation and sex and/or pregnancy discrimination on October 21, 2019.  Plaintiff was issued a Notice of Right to Sue with respect to the above Charge Numbers and has filed the instant action within ninety (90) days of receipt of same.

10.     Plaintiff has met all administrative prerequisites prior to filing this action.

## GENERAL ALLEGATIONS

11.     Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

12.     Plaintiff began working for Defendant in 2018 for approximately one year at one of its residential facilities.  At all times, Plaintiff performed her job duties satisfactorily or better.

Even when Plaintiff eventually moved to Minnesota, the Company continued to employ Plaintiff so that she could pick up shifts at the facility when she traveled back to Colorado.  Ultimately, because Plaintiff was not able to work a shift in a 90-day period, the Company took her off payroll.

13.     When Plaintiff moved back to Colorado in 2019, Plaintiff's friend, Ashley Hartman, who had recently been hired by the Company, told Plaintiff that Defendant was hiring for another full-time position.

14.     On or about June 3, 2019, Plaintiff applied for an Activities Assistant position online for Defendant's Briarwood Health Care Center.

15.     Plaintiff's June 3, 2019 application indicated she was available for full-time hours, and available to work Monday through Saturday.

16.     The Company contacted Plaintiff to schedule an interview soon thereafter, which took place on or about June 6, 2019.

17.     During the interview, Plaintiff filled out an additional application stating that she was available to work full-time, days or evenings.  Plaintiff also indicated she was available to work Monday through Saturday and that she "prefers Sunday off but is open."

18.     The June 6, 2019 application further asked if Plaintiff was able to perform the essential functions of the job with or without reasonable accommodations.  Plaintiff responded in the affirmative.

19.     Plaintiff was interviewed by Defendant's Hiring Manager, Jane Reynolds.

20.     The interview went very well.  Ms. Reynolds explained to Plaintiff that it was a full-time position and confirmed Plaintiff's availability to work full-time hours.  Ms. Reynolds also asked Plaintiff about her experience working for Defendant previously.  At the end of the

interview, Ms. Reynolds told Plaintiff that she would have to follow up with the location Plaintiff

worked at previously to confirm Plaintiff was still re-hirable, and that Ms. Reynolds would follow

up with Plaintiff on next steps after receiving confirmation.

21.     Within a couple days of Plaintiff's interview, Ms. Reynolds called Plaintiff to tell

her that her previous location confirmed that she had been a great employee and was re-hirable.

Ms. Reynolds offered Plaintiff the position and asked her to come to the office to fill out paperwork

for a background check and to take a drug test on June 10, 2019.

22.     On June 10, 2019, Plaintiff met with Ms. Reynolds to complete her onboarding

paperwork.  Plaintiff was filling out the paperwork for her background check when she told Ms.

Reynolds that she was pregnant.

23.     Ms. Reynolds immediately said, "Oh, oh that's not good.  Well no, of course that's

great.  I'm just not sure if that's going to work for me."

24.     Ms. Reynolds explained that she believed the job was very stressful and that it

would not be good for Plaintiff's body.

25.     Ms. Reynolds said she "did not want to be responsible if anything happens.  I don't

want to cause a miscarriage, and we have to push wheelchairs and push tables around to set up for

activities."

26.     Ms. Reynolds then asked Plaintiff about her due date.  Plaintiff told Ms. Reynolds

she was due in October.  Ms. Reynolds said, "I don't know if that's going to work out too because

that's my busy season and I need someone to be here and we have a lot of Holiday parties with

Halloween."

27.     Ms. Reynolds told Plaintiff she could think about it, but that she would suddenly only be able to offer Plaintiff a part-time position, versus the full-time position Plaintiff had previously been offered.  Even with respect to the possibility of offering Plaintiff a part-time position, Ms. Reynolds said "I don't know that I would feel comfortable with that."

28.     Ms. Reynolds then abruptly took Plaintiff's partially completed paperwork from her, gave Plaintiff back copies of her birth certificate and driver's license, and walked Plaintiff out of the building, saying, "I'm sorry, I hope you understand.  Come back after you have the baby."

29.     In the Position Statement Defendant submitted to the CCRD concerning Plaintiff's Charges of Discrimination, Defendant claimed Ms. Reynolds offered Plaintiff a part-time position that was rejected by Plaintiff because she wanted full-time hours.  However, as stated previously, Ms. Reynolds confirmed the Activities Assistant position was full-time during Plaintiff's interview, which corresponded with the full-time hours Plaintiff indicated on two applications submitted during the hiring process.

30.     Ms. Reynolds further mentioned considering but never actually offered Plaintiff a part-time position of employment, given that she decided she did not feel comfortable with Plaintiff working even on a part-time basis due to her pregnancy and/or potential need for accommodation.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978 ("Tile VII"))**

31.     Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

32.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and the Pregnancy Discrimination Act prohibit adverse employment actions that are motivated by an employee's gender and prohibit an employer from discriminating against an employee or applicant based on pregnancy, childbirth or related medical conditions.

33.     Plaintiff was a pregnant female and Plaintiff was therefore entitled to the protections of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

34.     Plaintiff was qualified for the position of an Activities Assistant at the time that Defendant decided to rescind her job offer for the position.

35.     Defendant refused to hire Plaintiff based on Plaintiff's pregnancy and Defendant's prejudiced view that Plaintiff's pregnancy, childbirth or related medical conditions would require Defendant to provide accommodations that nonpregnant applicants and employees would have been entitled to and provided under the law. Defendant's decision to rescind Plaintiff's offer of employment because of Plaintiff's pregnancy was therefore discriminatory and in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

36.     Defendant's actions denied Plaintiff equal employment opportunities by subjecting her to different terms and conditions of employment than her male and non-pregnant similarly situated applicants.  Upon information and belief, Defendant hired a non-pregnant or male employee to perform the same or similar job responsibilities Plaintiff would have performed as an Activities Assistant, had Defendant not decided to rescind her offer of employment based on her pregnancy.

37.     Defendant's unlawful and discriminatory practices complained of herein were intentional and done with malice or with reckless indifference to Plaintiff's federally protected rights.

38.     As a direct and proximate result of Defendant's unlawful and discriminatory practices described herein, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF
### (Discrimination Based on Gender (Pregnancy) in violation of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 ("CADA")

39.     Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

40.     Plaintiff, a pregnant female, was a member of a protected class under CADA, C.R.S. § 24-34-402(1)(a).

41.     At all times relevant, Plaintiff was qualified for the position as an Activities Assistant.

42.     Defendant rescinded Plaintiff's job offer and refused to hire Plaintiff based on her pregnancy and/or sex.  In doing so, Defendant engaged in an unlawful employment practice in violation of CADA.

43.     Defendant's actions were intentional and committed with malice or reckless indifference to Plaintiff's rights under CADA.

44.     As a direct and proximate cause of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, garden-variety emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

### THIRD CLAIM FOR RELIEF
**(Discrimination in Violation of the Pregnant Workers Fairness Act, § C.R.S. 24-34-402.3 ("PWFA"))**

45.     Plaintiff incorporates by reference all the above paragraphs as though set forth fully and separately herein.

46.     Pursuant to C.R.S. § 24-34-402.3(1)(a)(III), employers shall "[n]ot deny employment opportunities to an applicant or employee based on the need to make a reasonable accommodation related to the applicant's or employee's pregnancy, physical recovery from childbirth, or a related condition[.]"

47.     Defendant's decision to rescind Plaintiff's job offer and refuse to hire her based on her pregnancy constitutes a discriminatory or unfair employment practice pursuant to C.R.S. § 24-34-402.3(5).

48.     Defendant engaged in the above-described discriminatory or unfair employment practice with malice or with reckless indifference to Plaintiff's rights under C.R.S. § 24-34-402.3. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from like conduct in the future.

49.     As a direct and proximate result of Defendant's above-described discriminatory or unfair employment practices, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such

general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendant and order the following relief as allowed by law:

A.     Actual economic damages, as established at trial;

B.     Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, and garden-variety emotional distress, pain, inconvenience, mental anguish, and humiliation;

C.     Punitive damages, as permitted by law;

D.     Attorneys' fees and the costs of this action, as permitted by law;

E.     Statutory pre-judgment and post-judgment interest at the highest lawful rate; and

F.     Such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 4th day of September 2020.

**HKM EMPLOYMENT ATTORNEYS LLP**


By: *s/ Shelby Woods*
      Claire E. Hunter (39504)
      Shelby Woods (48606)
      HKM Employment Attorneys LLP
      730 17th Street, Suite 750
      Denver, Colorado 80202
      chunter@hkm.com

swoods@hkm.com
*Attorneys for Plaintiff Celeste Sanchez-Evilsizer*